Kathryn A. Black, ABA #8006008
Stanley T. Lewis, ABA #8011095
Birch Horton Bittner & Cherot
1127 West Seventh Avenue
Anchorage, AK 99501
Telephone: 907.276.1550
Facsimile: 907.276.3680

Attorneys for Anchorage Community Development, LLC

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re<br><br>ANCHORAGE SPORTSPLEX, INC.,<br><br>Debtor. | Case No. 10-00475-DMD<br>Chapter 11 |

**MEMORANDUM IN SUPPORT OF MOTION**
**TO COMPEL PAYMENT OF REAL PROPERTY TAXES**

Anchorage Community Development, LLC ("Lessor"), by and through its attorneys, filed a motion to compel Anchorage Sportsplex, Inc. ("Debtor"), to pay real property taxes due pursuant to the Lease as required by § 365(d)(3) of the Bankruptcy Code. Lessor submits this memorandum in support of the motion.

**Background Facts**

The Debtor commenced this bankruptcy case by filing a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code on June 5, 2010 ("Petition Date"). On August 1, 2006, the Debtor entered into a Land Lease (the "Lease") with Lessor, a true and complete copy of which is attached as Exhibit A. Since the Petition Date, the Debtor has continued as a lessee in possession of the real property described in the Lease ("Land") owned by Lessor. The Debtor has not yet assumed or rejected this Lease.

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

The Municipality of Anchorage ("MOA") has assessed the value of the Land and of all related real property, buildings, structures, improvements, and fixtures (the "Real Property"), and the taxes on the Real Property for the first half of 2010 became due on June 15, 2010, and are considered delinquent if not paid by that date. Attached as Exhibit B is a statement of the applicable 2010 tax account information for the Real Property. This information shows that $102,419.46 in property taxes becomes due June 15, 2010, and the same amount is due on August 15, 2010, for a total property tax bill in the amount of $212,491.23.

The Lease contractually shifts to the Debtor the obligation to pay the property taxes levied and assessed on the Real Property. Article IV, Section 4.1, of the Lease provides as follows:

> Section 4.1. Taxes. Commencing on the Effective Date, as additional rent, Tenant [Debtor] agrees to pay to the public authorities charged with the collection thereof, promptly as the same become due and payable, all taxes, assessments (general and special), permits, inspection and license fees, and other public charges, whether of a like or different nature, levied upon or against the Premises, including the underlying fee simple of Landlord [ACD], and against any buildings, structures, fixtures, or improvements now or hereafter located thereon, or arising in respect of the occupancy, use, or possession of the Premises, and which are assessed and are, or may become, a lien during the term of this Lease. Tenant agrees to exhibit to Landlord, on demand, receipts evidencing payment of all taxes, assessments, and public charges so payable by Tenant.

Under the Lease, the Debtor has an obligation to pay directly to the MOA the property taxes assessed and levied on the Real Property. The Debtor is obligated to pay the full amount of these taxes when such amount becomes due to the MOA. The

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

Debtor has not paid the taxes, nor has the Debtor included such amount in its interim cash collateral budget.[1]

**Argument**

The Bankruptcy Code affords specific protection to a lessor by ensuring timely performance of a lessee's obligations that arise under a nonresidential lease after the filing of a petition.[2] Section 363(d)(3) requires that a debtor-in-possession timely perform all post-petition obligations under an unexpired lease of nonresidential real property until the lease is assumed or rejected.[3] In other words, lease obligations arising post-petition must be paid immediately pursuant to the lease terms.[4] Furthermore, § 365(d)(3) provides a procedure for compelling tenants to pay all obligations due under the lease during this period.[5]

The Third Circuit Court of Appeals has specifically addressed a lessee's nonresidential real property tax obligations arising after the petition and before assumption or rejection of the lease.[6] In *Montgomery Ward*, a lessor of nonresidential real property billed the debtor, a lessee, for real property taxes that had primarily accrued pre-petition, but became due under the lease post-petition.[7]

---

[1] *See, e.g.*, Interim Consent Order Authorizing the Interim Use of Cash Collateral and Granting Related Relief, Case No. A-10-00475 at Ex. A (Bankr. D. Alaska June 7, 2010).

[2] 11 U.S.C. § 365(d)(3).

[3] *See id.*

[4] *See, e.g.*, *In re* Duckwall-Alco Stores, Inc., 150 B.R. 965, 971 (Bankr. D. Kan. 1993).

[5] *See id.* at 970.

[6] *See* CenterPoint Props. v. Montgomery Ward Holding Corp. (*In re* Montgomery Ward Holding Corp.), 268 F.3d 205 (3d Cir. 2001).

[7] *Id.* at 207.

The debtor argued that it should only have to pay a prorated amount of taxes under § 365(d)(3), which amount represented taxes that had accrued during the post-petition period.[8] The lessor argued that all of the property tax was payable immediately since the lease made all of it due post-petition.[9]

The issue for resolution turned on the meaning of § 365(d)(3)'s phrase "obligations of the debtor arising under the lease after the order of relief."[10] The court of appeals held that an obligation under a nonresidential real property lease arises when the legally enforceable duty to perform arises under that lease.[11] Accordingly, the court further held that the debtor was liable for the entire amount of the real property taxes that became due under the lease post-petition.[12]

The court rejected the proration approach taken by some courts for property tax obligations becoming due post-petition.[13] It reasoned that "tax obligations are a small constellation in the universe of obligations coming within the scope of § 365(d)(3), and there is no basis in the text for distinguishing them from rent and numerous other obligations of tenants."[14]

Another court of appeals has applied the same billing-date approach as *Montgomery Ward*.[15] Under the billing-date approach, an obligation's due date under

---

[8] *Id.*

[9] *Id.* at 208.

[10] *Id.* at 208-09.

[11] *Id.* at 211-12.

[12] *Id.*

[13] *See id.* at 211.

[14] *Id.* at 212.

[15] *See* Koenig Sporting Goods, Inc. v. Morse Road Co. (*In re* Koenig Sporting Goods, Inc.), 203 F.3d 986 (6th Cir. 2000).

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

the lease controls whether the obligation arises under § 365(d)(3) in the post-petition, pre-rejection period. In *Koenig*, the rental payment came due in advance on the first of the month, which was post-petition, and the debtor rejected its nonresidential real property lease one day after a rental payment for that same month came due.[16] The landlord filed a motion requesting to be paid the entire month's rent, and the debtor objected, claiming that it should only have to pay the prorated amount of rent accrued up to the time the lease was rejected, which was two days.[17] The bankruptcy court granted the lessor's request.[18] The Sixth Circuit Court of Appeals affirmed, holding that the debtor was obligated to pay the entire month's rent because the lease obligated the lessor to pay rent in advance, and that obligation arose in the post-petition, pre-rejection period.[19]

Although a split of authority exists among the circuits as to how to determine whether an obligation arises pre-petition or post-petition with some cases adopting a proration approach for taxes,[20] the better-reasoned cases adopt the performance

---

[16] *See id.* at 987-88 (6th Cir. 2000).

[17] *Id.* at 988.

[18] *Id.*

[19] *Id.* at 989.

[20] *Compare In re* Handy Andy Home Improvement Ctrs., Inc., 144 F.3d 1125 (7th Cir. 1998) (adopting proration approach) *with* CenterPoint Props. v. Montgomery Ward Holding Corp. (*In re* Montgomery Ward Holding Corp.), 268 F.3d 205, 210-11 (3d Cir. 2001) (rejecting the proration approach taken by the seventh circuit). *See also In re* Nat'l Refractories & Minerals Corp., 297 B.R. 614, 619-20 (Bankr. N.D. Cal. 2003) (applying the proration approach by analogy to a case involving environmental damage to leased premises so that the obligation did not arise after the petition if the damage occurred prepetition); *In re* Ernst Home Ctr., Inc., 209 B.R. 955 (Bankr. W.D. Wash. 1997) (following the proration approach). While *In re Ernst Home Ctr., Inc.* states that it follows the "majority view" when it was decided in 1997, since then, two of the three federal courts of appeals deciding between the two approaches under section 365(d)(3) have applied the performance date approach. *See In re Montgomery Ward*, 268 F.3d at 208-11 (third circuit applying performance date

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

date theory (or "billing-date approach") because the statute's language is unambiguous in its requirement that the debtor pay all lease obligations coming due during this period.[21] The proration approach is inconsistent with § 365(d)(3)'s fundamental tenet that "the terms of the lease determine the obligation and when it arose."[22] For example, § 365(d)(3) should not permit a debtor to defend its obligation to pay rent during the post-petition, pre-rejection period by arguing that such rent related to a period before the filing of the petition or to a period after the rejection date.[23] Likewise, property tax obligations should not be distinguished from other rent obligations.

In this case, as in *Montgomery Ward*, the Lease determines when the property tax obligation arises under § 365(d)(3). Pursuant to Article IV, Section 4.1 of the Lease, the Debtor's property tax obligation arises when the property tax becomes due to MOA. The Debtor's property tax obligation in the amount of $102,419.46 thus arose for purposes of § 365(d)(3) on June 15, 2010.

Another property tax obligation of the same amount will be due on August 15, 2010. The June 15 obligation is in the post-petition, pre-rejection period, and the August 15 obligation will be as well if the Lease is not rejected or assumed by that time. Therefore, the Debtor should be compelled to pay the Lessor the principal sum of $102,419.46 immediately, and compelled to pay the same amount on August 15,

---

approach to tax obligations); *In re Koenig*, 203 F.3d at 989-90; (sixth circuit applying performance date approach to rent obligation); *In re Handy Andy*, 144 F.3d at 1125 (seventh circuit applying proration approach to tax obligations). *See also Burvial v. Creditor Committee* (*In re* Burvial), 406 B.R. 548, 551-54 (B.A.P. 8th Cir. 2009) (recent bankruptcy appellate panel applying performance or billing date approach).

[21] *See, e.g.*, *Montgomery Ward*, 268 F.3d at 210-11.

[22] *Id.* at 209-10.

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

2010, if the Lease has not been rejected as of that date. It is virtually impossible for the Lease to be rejected as the Debtor's entire business and property is located on the leased land. The Debtor's interim operating budget attached to the Cash Collateral order and its final budget must be revised accordingly.

It is important to note that the property taxes constitute a lien on the Real Property, prior and superior to all other interests, including the interests of the holders of deeds of trust (AIDEA and the bondholders). Payment of the taxes increases the value of the Real Property and, if not paid by the Debtor or the Lessor, must be paid by the holders of the deeds of trust after foreclosure.

**Conclusion**

The Lease requires the Debtor to pay property taxes for 2010 on June 15, 2010, and on August 15, 2010. Section 365(d)(3) of the Bankruptcy Code mandates that the Debtor timely perform such property tax obligations post-petition. The June 15, 2010, obligation has not been timely performed. No indication has been made that the August 15, 2010, obligation will be timely performed. Lessor requests that the Court enter an order pursuant to § 356(d)(3) requiring the Debtor to immediately pay Debtor's 2010 property tax obligations when due under the Lease.

DATED this 17th day of June, 2010.

BIRCH HORTON BITTNER & CHEROT
Attorneys for Anchorage Community Development, LLC

By: /s/ Kathryn A. Black
Kathryn A. Black, ABA #8006008
Stanley T. Lewis, ABA #8011095

---

[23] *See id.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of June, 2010, a true and correct copy of the foregoing was served on the following in the manner indicated:

**ELECTRONIC NOTICE:**
David H. Bundy, Esq.
U.S. Trustee
Eric Schaffer, Esq.
John C. Siemers, Esq.

BIRCH HORTON BITTNER & CHEROT

By: /s/ Kathryn A. Black
Kathryn A. Black

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680